UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 96-10332-RGS

UNITED STATES OF AMERICA

v.

RICHARD CAPARELLA

MEMORANDUM AND ORDER ON PETITIONER'S MOTION
PURSUANT TO FED. R. CIV. P. 60(b)(4), (5), (6), AND (d)(1) AND (3)

January 18, 2012

STEARNS, D.J.

Richard Caparella is currently serving a 240-month sentence for bank robbery. On October 28, 2011, he filed this motion in his original criminal case seeking to be resentenced to a term of 151 months, a term that the government had offered to recommend as part of a plea bargain. Caparella rejected the offer and proceeded to trial before a jury, which found him guilty in 1997. Caparella styles his request for resentencing as a motion for relief from judgment pursuant to Rule 60(b)(4), (5), (6), and (d)(1) and (3) of the Federal Rules of Civil Procedure.

This is Caparella's third effort to win post-conviction relief. In 2000, Caparella filed a motion to vacate or modify his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel with respect to the advice that he had received prior to rejecting the government's plea offer. The court denied the motion on its merits.

*Caparella v. United States*, C.A. No. 00-11558-RGS (Nov. 15, 2000), *aff'd* 01-1048 (1st Cir. Dec. 20, 2001). In 2003, Caparella filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was dismissed by another judge for lack of subject matter jurisdiction. *See Caparella v. United States*, C.A. No. 03-12190-PBS (Jan. 8, 2004).

Caparella's third bite at the apple fares no better. The Rules of Civil Procedure "govern the procedure in all *civil* actions and proceedings in the United States district court," Fed. R. Civ. P. 1 (emphasis added) – Rule 60 thus does not apply in a criminal case.[1] Moreover, "there is no provision similar to FRCP 60(b) for relief after final judgment or order in effect for federal criminal cases." *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985). Even were this court to consider Caparella's Rule 60(b) motion as a challenge to the dismissal of his prior § 2255 and § 2241 habeas petitions, there would still be no basis on which it could be granted. A "Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Gonzalez*, 545 U.S. at 534 (emphasis in original). This is to prevent petitioners from "circumvent[ing] AEDPA's

---

[1] Although Rule 60(b) may be used to attack "some defects in the integrity of the federal habeas proceeding," *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), *see also* Fed. R. Civ. P. 80(a)(4), Caparella does not raise such a challenge, which in any event would be time-barred.

requirement[s]" by dressing a successive petition in the guise of a Rule 60(b) motion. *Id*. at 531-532. The rule is plain:

> A prisoner may file a second or successive § 2255 petition only if the court of appeals first certifies that the petition is based on either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*United States v. Barrett,* 178 F.3d 34, 40-41 (1st Cir. 1999) (citations omitted).

While Caparella's buyer's remorse over the rejected plea offer is understandable, his motion alleges in substance that "but for prosecutorial misconduct, that rendered counsel constructive ineffectiveness [sic], [he] would have accepted a 151 month sentence in exchange for his guilty plea . . . ." Dkt # 111 at 21. This argument is simply another attempt to revisit the merits of the original petition. Because Caparella has not obtained the permission of the Court of Appeals to bring a second or successive petition, this court lacks jurisdiction to consider his motion. *See Barrett*, 178 F.3d at 41.[2]

### ORDER

For the foregoing reasons, Caparella's motion is <u>DENIED</u>.

---

[3]Caparella's motion under Rule 60(d) also fails because it is based on the same grounds as the motion under Rule 60(b).

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE