UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-11558-RGS

RICHARD CAPARELLA,
Petitioner

v.

UNITED STATES,
Respondent

ORDER ON PETITIONER'S MOTION
TO REOPEN HIS 28 U.S.C. § 2255 PETITION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

April 3, 2013

STEARNS, D.J.

Petitioner Richard Caparella, whose petition pursuant to 28 U.S.C. § 2255 was denied by the court on November 15, 2000, seeks now to reopen his petition under the "relation back doctrine" of Fed. R. Civ. P. 15(c)(1) (B).[1] The argument for doing

---

[1] This is Caparella's fourth effort to win post-conviction relief. Following this court's denial of his § 2255 petition, *see Caparella v. United States*, C.A. No. 00-11558-RGS (Nov. 15, 2000), *aff'd* 01-1048 (1st Cir. Dec. 20, 2001), Caparella filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was dismissed by another judge for lack of subject matter jurisdiction. *See Caparella v. United States*, C.A. No. 03-12190-PBS (Jan. 8, 2004). Caparella subsequently filed a motion to vacate or modify his sentence pursuant to Fed. R. Civ. P. 60(b)(4), (5), (6), and (d)(1) and (3), which this court denied. *See United States v. Caparella*, C.R. No. 96-10332-RGS (Jan. 18, 2012).

so is based on a recent Supreme Court decision, *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), extending the guarantee of effective assistance of counsel to the decision to accept or reject a plea offer.[2] The motion fails on its face as *Lafler* did not announce a new rule of constitutional law; it merely applied the Sixth Amendment right to effective counsel in a specific factual context. As such it will not serve to justify a second or successive motion to vacate, set aside, or correct sentence, a right that in any event only the Court of Appeals can grant pursuant to section 2255(h). *See In re Perez*, 682 F.3d 930, 932-934 (11th Cir. 2012) (per curiam); *see also United States v. Lawton,* 2012 WL 6604576 (10th Cir. 2012)*; Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012) (per curiam); *Hare v. United States*, 688 F.3d 878, 879-880 (7th Cir. 2012).

For the foregoing reasons, the motion to reopen the petition is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[2] Caparella was convicted after trial and sentenced as a career offender to a term of 240 months. He maintains that had his counsel, Federal Defender Miriam Conrad, not assured him that he had a triable case, he would have accepted a government offer to recommend a 151-month sentence in exchange for a guilty plea.